Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
T.G., individually and on behalf of her minor child, A.A.,

                        Plaintiff,                              **COMPLAINT**

       v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendant.
--------------------------------------------------------------------X

       Plaintiff, T.G., individually and on behalf of her minor child, A.A., by her attorney, The Law Office of Steven Alizio, PLLC, as and for her Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), allege and state the following.

       1.       A.A. is the minor child of Plaintiff, T.G. A.A. is a minor child with learning disabilities. A.A. was at all relevant times, and still is, a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, 42 U.S.C. § 1983; the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

       2.       At all relevant times, Plaintiff and A.A. have resided and continue to reside within the County of Queens.

3. Plaintiff and A.A., though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiff is prepared to disclose Plaintiff's identity *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide A.A. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEA, 20 U.S.C. § 1415 and 42 U.S.C. § 1983, and follows a substantive administrative hearing that resulted in a hearing officer's decision on the merits in Plaintiff's favor.

6. This action is filed to enforce the hearing officer's decision issued in the underlying administrative proceeding and to secure statutory attorneys' fees and costs that Plaintiff should be awarded in this fee application action, and in the underlying administrative proceeding, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that Defendant resides in or is situated within the judicial district.

**FACTUAL BACKGROUND**

8.  Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

9.  On or about August 16, 2021, Plaintiff initiated an administrative due process proceeding against Defendant designated case number 211664 by the DOE's impartial hearing office. Plaintiff's due process complaint alleged, *inter alia*, that Defendant denied A.A. a FAPE for the 2017-2018, 2018-2019, 2019-2020, 2020-2021, and 2021-2022 school years. As relief, Plaintiff's complaint sought, *inter alia*, a final order requiring the DOE to, *inter alia*, provide prospective tuition funding to an appropriate independent or non-public school placement or, if no such placement is available, fund 40 hours per week of 1:1 Applied Behavior Analysis ("ABA") instruction in conjunction with eight (8) hours per week of Board Certified Behavior Analyst ("BCBA") supervision—as well as appropriate types and frequencies of related services, according to proof—during the school day for the 12-month school year. Plaintiff's complaint also sought funding for an at-home program consisting of 15 hours per week of 1:1 ABA instruction with three hours per week of BCBA supervision and one hour per month of parent counseling and training.

10. On December 14, 2022, a hearing on the merits in case number 211664 was held before IHO Randy Glasser.

11. On or about January 29, 2022, IHO Glasser issued a Findings of Fact and Decision ("FOFD") in case number 211664 in which she ordered the DOE to, *inter alia*, (i) provide A.A. with a twelve-month, intensive behavior analytic, full-time program, which follows ABA

principles, where A.A. will receive 1:1 instruction, with one hour of BCBA Supervision for every five hours that A.A. is in the classroom (a "Behavior Analytic Program"); (ii) until A.A. is placed in a Behavior Analytic Program, fund 30 hours per week of ABA Instruction on a push-in basis into A.A.'s public school classroom with six hours per week of BCBA supervision (the "Push-in Program"); (iii) fund 15 hours per week of 1:1 ABA instruction at-home with three hours per week of BCBA supervision by appropriately qualified and licensed professionals at the market rate (the "At-Home Program"); (iv) amend A.A.'s Individualized Education Program ("IEP") to mandate five 30-minute sessions of speech language therapy, three 30-minute sessions of occupational therapy, and three 30-minute sessions of physical therapy; (v) fund compensatory services for A.A. in the amount of 2,745 hours of ABA instruction, 549 hours of BCBA supervision, 61 hours of speech language therapy, 61 30-minute sessions of occupational therapy, and 61 30-minute sessions of physical therapy; (vi) conduct an audit to ascertain what if any speech-language, occupational therapy, and physical therapy services the student did not receive from the 2017-2018 school year to the date of the FOFD (for the purposes of adding to the number of compensatory services ordered); and (vii) an additional 122 30-minute sessions of occupational therapy and an additional 122 30-minute sessions of physical therapy in the event that an audit of such services was not conducted within 30 days of the order.

12. Neither party appealed IHO Glasser's January 29, 2022 FOFD in case number 211664.

13. Defendant has not complied with the terms of the order in case number 211664. Specifically, Defendant failed to comply with the terms of the FOFD in case number 211664 in numerous ways including, but not limited to, the following:

    a.    Defendant did not offer A.A. placement in a Behavior Analytic Program.

4

b. Defendant did not offer a provider for the Push-In Program. As such, Plaintiff requested that the DOE authorize her selected private provider, Breakthrough Foundations Applied Behavior Analysis, PLLC ("Breakthrough"), to provide the Push-in Program for A.A. The DOE, however, failed to authorize Breakthrough's services until on or around May 27, 2022. As such, A.A. went without any in-school ABA instruction or BCBA supervision from the date of the FOFD until June 8, 2022.

c. Similarly, Defendant did not offer a provider for the At-Home Program. As such, Plaintiff requested that the DOE authorize her selected private provider, Breakthrough, to provide the At-Home Program. The DOE, however, failed to respond in a timely manner to the request that Breakthrough's services be authorized, and thus A.A. did not receive an At-Home Program until May 23, 2023.

d. Defendant has not paid Breakthrough for the services Breakthrough has provided in connection with the At-Home Program, Push-In Program, and compensatory ABA/BCBA services awarded to A.A. on a consistent and timely basis. As of the filing of this Complaint, Defendant owes $101,700 to Breakthrough for services rendered to A.A., and Defendant's consistent failure to pay for such services has created a risk that Breakthrough will need to discontinue services if it does not receive prompt payment from Defendant.

e. Defendant did not amend A.A.'s IEP as ordered in the FOFD and thus A.A.'s then-existing IEP mandates of three 30-minute sessions of speech-language therapy, two 30-sessions of occupational therapy, and two 30-minute sessions of physical therapy remained in effect through the end of the 2021-2022 school year.

e. To Plaintiff's knowledge, the DOE did not conduct an audit of the related services

provided to A.A. from the 2017-2018 school year to the date of the FOFD.

14. As a consequence of the favorable, unappealed, January 29, 2022 administrative decision of IHO Glasser, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

15. Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered at the administrative level for case number 211664 and in connection with this fee application.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges paragraphs 1 through 15 as if more fully set forth herein.

17. Plaintiff initiated an impartial hearing on behalf of A.A. in case number 211664.

18. Plaintiff prevailed at the impartial hearing in case number 211664 by obtaining a decision and order from the impartial hearing officer ordering the relief demanded by Plaintiff.

19. Plaintiff, having prevailed in case number 211664, hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

20. Plaintiff has exhausted her administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if more fully set forth herein.

22. Defendant has not complied with the terms of the FOFD in case number 211664.

23. For instance, Defendant did not immediately offer providers for the Push-in

Program and the At-Home Program and Defendant failed to immediately authorize the services of Plaintiff's chosen private provider, Breakthrough, for the Push-in Program and At-Home Program; Defendant has not paid Breakthrough's invoices for services rendered in connection with the Push-In Program, At-Home Program, or compensatory ABA/BCBA services awarded to A.A. in a timely or consistent manner thereby jeopardizing A.A.'s ability to receive such services; Defendant did not amend A.A.'s IEP as required by the FOFD in case number 211664; and, Defendant failed to conduct an audit of the related services provided to A.A. from the 2017-2018 school year to the date of the January 29, 2022 FOFD in case number 211664.

24. Defendant has, under color of law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

25. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2d Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2d Cir. 2002) ("[A]s noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983."); *contra A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

26. Specifically, Plaintiff seeks compensatory services in the form of ABA instruction with BCBA supervision, speech-language therapy, occupational therapy, and physical therapy for Defendant's failure to implement the FOFD in case number 211664 as well as an order requiring the Defendant to immediately implement the FOFD in case number 211664 including funding all

outstanding invoices submitted by Breakthrough for ABA/BCBA services provided to A.A. within 30 days of receipt.

27. Plaintiff has exhausted her administrative remedies as impartial hearing officers do not have enforcement authority over orders issued at the administrative level.

### THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if more fully set forth herein.

29. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

30. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See e.g.*, *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

31. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant fund compensatory services in the form of ABA instruction with BCBA supervision, speech-language therapy, occupational therapy, and physical therapy for Defendant's failure to implement the FOFD in case number 211664 as well as an order requiring the Defendant to immediately implement the FOFD in case number 211664 including funding all outstanding invoices submitted by Breakthrough for ABA/BCBA services provided to A.A. within 30 days of receipt.

32. Plaintiff has exhausted her administrative remedies as impartial hearing officers do

not have enforcement authority over orders issued at the administrative level.

**WHEREFORE,** by reason of the foregoing, Plaintiff respectfully requests that this Court:

(1)  Assume jurisdiction over this action;

(2)  Declare Plaintiff the prevailing party in case number 211664;

(3)  Immediately implement the underlying administrative decision and ensure that all outstanding payments to Breakthrough are made within 30 days of judgment;

(4)  Award Plaintiff compensatory services for Defendant's failure to implement portions of the FOFD in case number 211664;

(5)  Award to Plaintiff costs, expenses, and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(6)  Award to Plaintiff costs, expenses and attorneys' fees for the administrative proceeding designated case number 211664 pursuant to 20 U.S.C. § 1415;

(7)  Award Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(8)  Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 28, 2023

_____
Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff