UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

T. G., on behalf of herself and her minor child, A.A.,

                                            Plaintiff,

                  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                       Defendant.

------------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

23-cv-8569 (MKV)

        Defendant New York City Department of Education ("DOE") by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to the Complaint, dated September 28, 2023, respectfully states and alleges as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions, except admits that A.A. is a minor child of Plaintiff, T.G., and has learning disabilities.

        2.      Admits the allegations set forth in paragraph "2" of the Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff and her child are not expressly named in the Complaint by their given names and specific address and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

        4.      Denies the allegations set forth in paragraph "4" of the Complaint and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions, to Article 52-A of the New York State Education Law for information regarding the

powers and duties of DOE, and to Article 89 of the New York State Education Law for additional information regarding DOE's responsibilities concerning students with disabilities.

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

6.      Denies the allegations set forth in paragraph "6" of the Complaint and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions and to Plaintiff's Complaint for a complete and accurate recitation of her claims.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff seeks to invoke the Court's jurisdiction as stated therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

8.      Denies the allegations set forth in paragraph "8" of the Complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

9.      Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff filed a due process complaint ("DPC") against DOE that initiated a case that was designated as Impartial Hearing Number ("IH No.") 211664, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of its contents.

10.     Denies the allegations set forth in paragraph "10" of the Complaint and affirmatively avers that the hearing on the merits was held on December 14, 2021, before IHO Randy Glasser.

11.    Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the FOFD for a complete and accurate statement of its contents.

12.    Admits the allegations set forth in paragraph "12" of the Complaint.

13.    Denies the allegations set forth in paragraph "13" of the Complaint and affirmatively avers that Defendant has and continues to comply with the terms of the FOFD in due course of business.

13(a).    Denies the allegations set forth in paragraph "13(a)" of the Complaint.

13(b).    Denies the allegations set forth in paragraph "13(b)" of the Complaint.

13(c).    Denies the allegations set forth in paragraph "13(c)" of the Complaint.

13(d).    Denies the allegations set forth in paragraph "13(d)" of the Complaint.

13(e)(p. 5 of Complaint).    Denies the allegations set forth in paragraph "13(e)" of the Complaint and affirmative avers that Plaintiff T.G. participated in the June 27, 2022, meeting by telephone when A.A.'s IEP was revised pursuant to the FOFD.

Duplicate 13(e)(pp. 5–6 of Complaint).[1]    Denies the allegations set forth in duplicate paragraph "13(e)" of the Complaint and affirmatively avers that Defendant approved additional compensatory services in lieu of the audit as ordered by the FOFD.

14.    Paragraph "14" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "14" and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

15.    Paragraph "15" of the Complaint sets forth a legal conclusion and thus does not require a response. Should a response be required, Defendant denies the allegations set forth

---

[1] Plaintiff's Complaint contains two paragraphs identified as "13(e)"—one on p. 5 and the other on pp. 5–6 of the Complaint—that are answered here in the order they appear in the Complaint.

in paragraph "15" of the Complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

     16.     Defendant repeats and realleges each and every response set forth above as if set forth fully herein.

     17.     Admits the allegations set forth in paragraph "17" of the Complaint.

     18.     Denies the allegations set forth in paragraph "18" of the Complaint and respectfully refers the Court to the FOFD for a complete and accurate statement of its contents.

     19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

     20.     Paragraph "20" of the Complaint sets forth a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "20."

     21.     Defendant repeats and realleges each and every response set forth above as if set forth fully herein.

     22.     Denies the allegations set forth in paragraph "22" of the Complaint.

     23.     Denies the allegations set forth in paragraph "23" of the Complaint.

     24.     Denies the allegations set forth in paragraph "24" of the Complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

     25.     Denies the allegations set forth in paragraph "25" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies paragraph "27" of the Complaint and respectfully refers the Court to 20 U.S.C. § 1415 *et seq*. for a complete and accurate statements of its provisions on the exhaustion of administrative remedies.

28.     Defendant repeats and realleges each and every response set forth above as if set forth fully herein.

29.     Paragraph "29" of the Complaint sets forth a legal conclusion and thus does not require a response. Should a response be required, Defendant denies the allegations set forth in paragraph "29" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

30.     Paragraph "30" of the Complaint sets forth a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "30" of the Complaint and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Paragraph "32" of the Complaint sets forth a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "32."

## AS AND FOR A FIRST DEFENSE:

33.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE:**

34.     Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

**AS AND FOR A THIRD DEFENSE:**

35.     At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, properly, lawfully, without malice, and in good faith.

**AS AND FOR A FOURTH DEFENSE:**

36.     Defendant has met its obligations under pendency.

**AS AND FOR A FIFTH DEFENSE:**

37.     Plaintiff is not entitled to an award of compensatory education, other services, or equitable relief.

**AS AND FOR A SIXTH DEFENSE:**

38.     Plaintiff is not entitled to preliminary injunctive relief.

**AS AND FOR A SEVENTH DEFENSE:**

39.     Plaintiff has failed to exhaust administrative remedies for some or all of her claims.

**AS AND FOR AN EIGHTH DEFENSE:**

40.     The hours and expenses billed and the rates charged by the Plaintiff's counsel are unreasonable.

WHEREFORE, Defendant requests a judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:          December 20, 2023
                New York, New York

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007
212-356-2079
jvyas@law.nyc.gov

By:          _____

             Jaimini Vyas
             Assistant Corporation Counsel

To:     Steven J. Alizio, Esq.
        Justin B. Shane, Esq.
        The Law Office of Steven Alizio, PLLC
        Attorneys for Plaintiff
        11 Broadway, Suite 568
        New York, New York 10004
        (via ECF)