

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Jaimini A. Vyas**<br>Phone: 212-356-2079<br>Email: jvyas@law.nyc.gov |

April 11, 2024

**BY ECF**

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *T.G. et al. v. New York City Dept. of Education*, 23-cv-08569-MKV

Your Honor:

      This office represents Defendant New York City Department of Education ("DOE") in the above-referenced action. I write to respectfully request a conference in connection with the City's anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c). For the reasons briefly set forth below, Plaintiffs' Complaint should be dismissed. Opposing counsel do not consent to this motion and will file a letter in opposition.

**A.**      **Factual and Procedural Background**

      On September 28, 2023, Plaintiffs filed a Complaint asserting three causes of action: *first*, seeking attorneys' fees for prevailing in the administrative proceedings that resulted in a Finding of Facts and Decision ("FOFD") issued on January 29, 2022, for Plaintiff A.A. in impartial hearing case number 211664; *second*, seeking implementation of the FOFD and compensatory services as damages for DOE's four-to-five month delay in fully implementing the FOFD; and *third*, seeking implementation of the FOFD and the "equitable relief" of compensatory services as damages pursuant to 42 USC § 1983. The FOFD awarded A.A. a large compensatory bank of educational services without any time limit.

      Plaintiffs allege that "[a]s of the filing of this Complaint, Defendant owes $101,700 to Breakthrough for services rendered to A.A." ECF 1 at 5. Plaintiffs have requested this Court to "immediately implement the underlying administrative decision and ensure that all outstanding payments to Breakthrough are made within 30 days of judgment," "[a]ward Plaintiff compensatory services for Defendant's failure to implement portions of the FOFD" as "damages under Section 1983," and award them attorneys' fees, costs, and expenses.

### B.     Plaintiffs' implementation claims are moot.

*Almost two years ago*, "the [implementation] relief that Plaintiffs [seek] in this matter, … [was] provided… . Plaintiffs' claim is therefore moot." *F.O. v. N.Y.C. Dep't of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012). Initially, Plaintiffs' counsel conceded that all outstanding payments to Breakthrough had been paid but that their client's Individualized Education Program ("IEP") had not been amended as required by the FOFD. Subsequently, Plaintiffs' Counsel also conceded that, on June 27, 2022, the IEP had been amended as ordered by the FOFD.

Courts in this district regularly dismiss IDEA cases as moot when payments have been made and decisions are reached that prevent the Court from providing any effectual relief. *See M.F. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 30347, at *9 (S.D.N.Y. Feb. 22, 2024) ("It is undisputed that the claims in M.F.'s original Complaint for tuition reimbursement and payments are now moot by virtue of DOE's full payment of those items, as reflected in plaintiffs' dropping of those claims in the FAC."); *Angamarca v. N.Y.C. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 48687, at *9 (S.D.N.Y. Mar. 20, 2020) ("courts in this District routinely dismiss IDEA cases as moot" where DOE has funded the student's placement, because, the courts can grant "no 'effectual relief'").

### C.     **Plaintiffs failed to exhaust administrative remedies and now improperly seek an award of additional compensatory services as damages—relief that is unavailable under the IDEA.**

Between February 2022, when the FOFD was issued, and September 2023, when Plaintiffs filed the Complaint in this matter, Plaintiffs chose not to pursue administrative remedies to determine whether A.A. regressed during that time and, if so, to what extent, and, if A.A. did regress, what compensatory services would be equitable to remediate and "make up for prior deficiencies." *Killoran v. Westhampton Beach Sch. Dist.*, No. 20-CV-4763(JS)(SIL), 2022 U.S. Dist. LEXIS 58579, at *23 (E.D.N.Y. Mar. 30, 2022) (cleaned up).

Instead, Plaintiffs seek a bank of compensatory services as damages for the four-to-five-months DOE expended (a period that "comports with the practical realities of bureaucratic administration" *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023)) in fully implementing the FOFD and approving and making payments to Breakthrough as A.A.'s service provider. "It is well-settled that the finding of a FAPE violation does not, without more, trigger an entitlement to compensatory education." *Id.* at *19. Even where there is a technical denial of a FAPE, if the student has not suffered a regression, there is nothing to compensate, and the Court should not award compensatory education. *See Phillips v. District of Columbia*, 736 F. Supp. 2d 240, 247 (D.D.C. 2010) ("no compensatory education is required for the denial of [FAPE] either because it would not help or because [the student] has flourished in his current placement) (cleaned up). "[T]he case law is clear that the IDEA is not designed to provide a damages remedy, but rather to 'make up' for gaps in the student's education." *D.C.G. v. N.Y.C. Dep't of Educ.*, No. 23-cv-1337 (JPC) (JW), 2024 U.S. Dist. LEXIS 27713, at *25 (S.D.N.Y. Feb. 15, 2024). "Accordingly, the IDEA does no[t] allow for the form of relief the plaintiff is seeking in this case, which is essentially a claim for monetary damages." *Bird v. Banks*, No. 22-cv-8049 (JGK), 2023 U.S. Dist. LEXIS 212039, at *22 (S.D.N.Y. Nov. 29, 2023).

Even assuming A.A. had regressed two years ago, whether A.A. now "is entitled to [] additional … compensatory educational services for the [defendants'] failure to offer … a FAPE for portions of the … 2020-21 school year[]. … requires myriad forms of educational expertise." *Id.* at *12-13. This calculation of appropriate compensatory education services in equity is not "a question of law or statutory interpretation." *Id.* at *15. Plaintiff's "requested relief [for damages here] … is unwarranted and would constitute an improper usurpation of the CSE's role by the due process system." *Id.* at *7 (cleaned up).

Additionally, granting a hearing or mini-trial to determine equitable relief here risks opening the floodgate and turning this federal court into a replacement forum for Committee on Special Education (CSE) hearings for the parent's bar. As relevant here, "despite the district court's equitable authority under the IDEA to hear additional evidence at the request of a party and grant such relief as the court determines is appropriate, 20 U.S.C. § 1415(i)(2)(B)(ii) & (iii), the record in an IDEA case is supposed to be made not in the district court but primarily at the administrative level, where the parties and the school authorities, sometimes with input from other professionals, can tailor an individualized education plan (IEP) to the student's needs." *Reid v. District of Columbia*, 365 U.S. App. D.C. 234, 245 (2005) (cleaned up). Before filing this case, Plaintiffs should have determined at the CSE and administrative level whether A.A. required additional compensatory services. Accordingly, this Complaint should be dismissed for failures to state a claim and exhaust administrative remedies.

**D.      42 USC § 1983 claims are unavailable to Plaintiffs because they cannot assert that they were denied IDEA's "procedural safeguards or administrative remedies."**

Plaintiffs' claim to obtain damages for IDEA violations under 42 USC § 1983 must be dismissed because Plaintiffs cannot claim they were denied IDEA's "procedural safeguards or administrative remedies." *Streck v. Bd. of Educ. of E. Greenbush Sch. Dist.*, 280 F. App'x 66, 68 (2d Cir. 2008) "[P]laintiffs may not rely on § 1983 to pursue monetary damages for violations of the I DEA" where "they were afforded a hearing before an impartial hearing officer and review by a state review officer." *Id.* Here, Plaintiffs were not denied a due process hearing; they *chose* not to pursue one. Moreover, "Plaintiff[s'] complaint makes clear that the alleged section 1983 violations are merely a reiteration of [their] IDEA claims" which is an impermissible attempt "to bypass [their] inability to obtain monetary damages under the IDEA by bringing suit pursuant to section 1983." *French v. N.Y. State Dep't of Educ.*, No. 5:04-CV-434(FJS/ATB), 2010 U.S. Dist. LEXIS 103772, at *31 (N.D.N.Y. Sep. 30, 2010) *aff'd*, 476 F. App'x 468 (2d Cir. 2011). Where IDEA and 42 USC § 1983 claims are brought simultaneously, a plaintiff must prove that a constitutional violation occurred "outside the scope of the IDEA." *A.K v. Westhampton Beach Sch. Dist.*, 17-CV-0866, 2019 U.S. Dist. LEXIS 167085 at *44 (E.D.N.Y. Sept. 27, 2019) (citations omitted). Plaintiffs do not. For the above reasons, Plaintiffs' 42 USC § 1983 claim should be dismissed. I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Jaimini Vyas  
Jaimini A. Vyas  
*Assistant Corporation Counsel*
