UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.G., on behalf of herself and her minor child, A.A.,<br><br>                 Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                 Defendant. | **DECLARATION OF JAY ST. GEORGE**<br><br>Case No. 23-CV-8569 (MKV) |

JAY ST. GEORGE, under penalty of perjury, declares pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am an Agency Attorney in the Special Education Unit in the Office of the General Counsel of the New York City Department of Education ("DOE").

2. I submit this declaration in Support of Defendant's Motion to Dismiss, dated June 4, 2024.

3. I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge, my review of records maintained by DOE and filed in the above-captioned proceeding, conversations I have had with DOE attorneys, as well as my experience handling special education matters for the DOE.

4. Upon information and belief, on January 29, 2022, impartial hearing officer ("IHO") Randy Glasser, Esq., issued a Finding of Fact and Decision ("FOFD") in Case No. 211664, and then issued a corrected FOFD later that same day. In the corrected FOFD the IHO determined that the DOE did not offer A.A. a free appropriate public education ("FAPE") for the 2017-2018 through 2021-2022 school years. Annexed as Exhibit A is a true and correct copy of the corrected FOFD in Impartial Hearing Case no. 211664 ("2022 FOFD").

5. As part of the relief, the Impartial Hearing Officer ("IHO") ordered the DOE to:

    (1) provide the student with a twelve-month intensive behavior analytic, full-time program which follows Applied Behavior Analysis ("ABA") principles, where [the Student] will receive 1:1 instruction, with one (1) hour of supervision by a Board Certified Behavior Analyst ("BCBA") for every five (5) hours that the Student is in the classroom; and, in the event that the DOE determines that such program is only available in a nonpublic school, then a deferral shall be made to the CBST to make such recommendation; and until such time as the above-ordered placement in the twelve-month intensive behavior

      analytic program is provided to the Student, the DOE shall provide thirty (30) hours per week of 1:1 ABA Instruction to the Student on a push-in basis, into the Student's classroom along with six (6) hours of BCBA Supervision;

    (2)  revise the student's IEP to include one hour per month of Parent Counseling and Training ("PCT"), five thirty-minute sessions per week of speech and language therapy ("SLT"), three thirty-minute sessions per week of occupational therapy ("OT"), and three thirty-minute sessions per week of physical therapy ("PT");

    (3)  conduct an Assistive Technology ("AT") evaluation of the Student, and in the event that such evaluation is not conducted within thirty (30) days of the Decision, this evaluation shall be conducted by a properly qualified individual of the Parent's choosing, at the market rate;

    (4)  provide the Student and Parent with appropriate round-trip special transportation between the Student's home and the Student's nonpublic school placement recommended by the Central Based Support Team ("CBST"), or program the Student is attending where he is receiving the thirty (30) hours of ABA Instruction and six (6) hours of BCBA Supervision; with such transportation provided from the Student's home at the closest safe curb location to such program;

6. On June 27, 2022, the School-Based Support Team (SBST) held an IEP review and developed A.A.'s educational program for the 2022-2023 school year. Annexed as Exhibit B is a true and correct copy A.A.'s IEP for the 2022-2023 school year (the "2022-2023 IEP").

7. In attendance at the IEP review were A.A.'s special education teacher, the Parent, a School Psychologist, the student's Physical Therapist, a District Representative, and the student's Board-Certified Behavior Analyst. *See* Exhibit B, pp. 37-38.

8. Pursuant to the 2022 FOFD, the IEP Team recommended that the student attend a 6:1:1 special class in a non-public school. The IEP further includes one hour per month of PCT; three individual thirty-minute OT sessions per week; three individual thirty-minute sessions per week of PT; and five individual thirty-minute sessions per week of SLT. *See* Exhibit B, pp. 27-28. The student was also recommended to receive the AT support of a Dynamic Display Speech Generating Device ("DDSGD") for daily use at school and at home. *See* Exhibit B, p. 29. Finally, the student was recommended for special transportation, from the closest safe curb location to the school. *See* Exhibit B, p. 33. The student's program for A.A. was recommended to continue for 12 months. *See* Exhibit B, p. 29.

9. The IEP Team noted that "Mom was in attendance for re-evaluation meeting via teleconference. Mom was in agreement with the goals, continuation of related services, mandates and Non-Public School recommendation that had been previously determined by the Impartial Hearing Order. Mom did not express any further concerns regarding [A.A.]'s academic development at this time. Mom did express concern regarding [A.A.'s] ability to communicate and use [A.A.'s] device effectively." Exhibit B, p. 11-12.

10. The IEP Team noted that the "BCBA was in attendance as well, and expressed concern regarding [A.A.'s] AAC device. BCBA expressed that [A.A.] has intelligible expressive/verbal output and would benefit from a support tool rather than a communication tool. The suggested

support tool suggested by BCBA was "touch chat" or "proloquo". It was stated that during [A.A.'s] AT evaluation performed last year, his current device was the determination." Exhibit B, p. 12.

11. The team advised the Parent and the BCBA, that "any change in programming would require another evaluation. If mom/ BCBA wanted to submit a new request for Assistive Technology Re-evaluation, they are entitled to do so…. Mom and BCBA stated that they understood the recommendation and would take it into consideration." Exhibit B, p. 36.

12. In conclusion, the IEP Team noted, "Parent was informed that upon finalization of this IEP, it would be sent to CBST (central) and they would be in touch with her to amend/ reconvene the IEP to address the needs of the Non-Public School. Mom inquired whether or not [A.A.] would be permitted to continue to attend [the] current school location … and the team informed mom that until she and CBST have found NPS placement, [A.A.] can attend [the] current school/program." Exhibit B, p. 37.

13. Upon information and belief, on June 27, 2022, at 1:56 p.m., following the IEP meeting, a copy of the finalized IEP was emailed as an attachment to T.G., and a paper copy was sent to T.G. in A.A.'s backpack. Annexed as Exhibit C is a true and correct copy of a screenshot of the email sent by DOE staff to T.G. This email was forwarded to me by SBST staff, whereafter I took a screenshot and downloaded that file on May 31, 2024.

14. Upon further information and belief, on or about October 26, 2022, following the IEP review, the IEP was submitted to the Central Based Support Team ("CBST") to locate an NPS school for A.A. Annexed as Exhibit D is a true and correct copy of a screenshot of the "State Approved NPS Tracking Document" created and maintained by CBST. This screenshot was obtained by accessing the DOE Special Education Student Information System ("SESIS"), wherein I took a screenshot and downloaded that file on June 4, 2024.

15. On October 26, 2022, the CBST submitted the student's package to 11 schools. *See*, generally, Exhibit D.

16. According to the DOE's records, by May 11, 2023, all potential NPS placements have been exhausted: Parent declined interview with a school located in the Bronx and not other school could accept A.A. *See*, generally, Exhibit D.

17. On June 13, 2023, the school-based support team (SBST) held an IEP review and developed A.A.'s educational program for the 2023-2024 school year (the "2023-2024 IEP"). Annexed as Exhibit E is a true and correct copy of A.A.'s 2023-2024 IEP.

18. In attendance at the 2023 IEP review were A.A.'s special education teacher, the Parent, a School Psychologist who also sat as district representative, the Student's Speech and Language Therapist, the Student's Physical Therapist, the Student's Occupational Therapist, and the student's BCBA. *See* Exhibit E, pp. 35-36.

19. The IEP Team noted that "The legal guardian was invited, attended and participated by phone in the conference and transition planning. The student's BCBA was invited, attended and participated by phone." Exhibit E, p. 3.

20. The IEP Team further noted that "[A.A.]'s mom and … BCBA were in attendance for the annual IEP meeting on 06/13/2023 via teleconference. Mom was in agreement with academic goals, mandates and recommended services at the time of the meeting. Mom and … BCBA expressed that [A.A.] has started talking more and they do not want to keep [the] Augmentative and Alternative Communication (AAC) device. They want to encourage [A.A.] to use [A.A.'s] own words rather than to use the device. Mom did not express any concerns regarding academic progression." Exhibit E, p. 8.

21. In conclusion, the IEP Team noted, "Mom and [A.A.]'s BCBA were in attendance for the annual IEP meeting on 06/13/2023 via teleconference. Mom was in agreement with academic goals, mandates and recommended services at the time of the meeting. Mom and the BCBA wanted [A.A.'s] device to be removed. The team agreed on the termination for the use of the Assistive Technology and the necessary documentation has been completed." Exhibit E, p. 35.

22. Upon information and belief, on June 16, 2023, at 2:37 p.m., DOE emailed a copy of A.A.'s finalized 2023-2024 IEP to T.G. as an attachment to an email and a paper copy of was sent home to T.G. in A.A.'s backpack. Annexed as Exhibit F is a true and correct copy of a screenshot of the email sent by DOE staff to T.G., originally sent on June 16, 2023, at 2:37 pm. This email was forwarded to me by SBST staff, whereafter I took a screenshot and downloaded that file on May 31, 2024.

23. Upon review of the DOE's records, the Plaintiff in this matter has not filed a DPC since the conclusion of Impartial Hearing Case no. 211664. To date, Plaintiff has not filed any administrative complaint, i.e., Due Process Hearing, with the New York City Impartial Hearing Office or uploaded one onto the Impartial Hearing System in connection with the development of A.A.'s IEPs for the 2022-2023 or 2023-2024 school years.

Dated: June 4, 2024
      New York, New York

                                                        JAY ST. GEORGE