

June 26, 2024

VIA E-MAIL: IHOQuest@schools.nyc.gov
Impartial Hearing Office
New York City Department of Education

**Re:** **DEMAND FOR DUE PROCESS HEARING**
    Name of Student:
    Address:

    Date of Birth:
    OSIS#:
    School:

To Whom It May Concern:

## **NOTICE OF APPEARANCE:**

Please be advised that ▮▮▮ ("Parent"), mother of ▮▮▮, has retained our office for legal representation in all proceedings ▮▮▮ City Department of Education ("DOE") in the matter described herein for the student referenced above. Please address all future correspondence to our attention.

## **REQUEST FOR IMPARTIAL HEARING:**

We respectfully request an impartial hearing on behalf of ▮▮▮, by and through Parent, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and New York State Education Law § 4401 et seq., for the 2022-2023 and 2023-2024 school years ("SYs at Issue"), as well as for the DOE's general failure to thoroughly assess ▮▮▮ in all areas of his suspected disability.

All statements made herein are made upon information and belief. Parent reserves the right to address and respond to any additional facts or evidence that she learns of or otherwise obtains during these proceedings. The bases for this request include, but are not limited to, the following:

### ▓▓▓▓'s Disability and Educational Background

1. ▓▓▓▓ is a ▓▓▓▓ old student in the ▓▓▓▓ grade for the 2023-2024 school year. ▓▓▓▓ is currently enrolled at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓), a DOE District 75 school in Queens. ▓▓▓▓'s classification on his most recent individualized education program, dated June 13, 2023, is Autism.

2. ▓▓▓▓ has been diagnosed with Autism Spectrum Disorder ("ASD"), with accompanying intellectual impairment and accompanying language impairment. His diagnosis currently falls at a level three, requiring very substantial support, with social communication skills and restricted, repetitive behavior.

3. ▓▓▓▓ has significant global delays. ▓▓▓▓ has very limited language skills and academic abilities. He struggles with interacting with peers and often engages in parallel play rather than interacting directly with them. He engages in self-talk and self-stimulatory behaviors. ▓▓▓▓ also has fine and gross motor delays.

4. ▓▓▓▓ attended ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. An individualized education program ("IEP") dated May 2, 2017 and an IEP dated February 5, 2018 recommended that ▓▓▓▓ be placed in a 6:1:3 classroom with related services in speech-language therapy ("SLT") (3x30, 1:1); occupational therapy ("OT") (2x30, 1:1); physical therapy ("PT") (2x30, 1:1); and parent counseling and training ("PCAT") during preschool. For the 2018-2019 school year, ▓▓▓▓ was moved to a 10:1:3 classroom with the same program of related services. Notwithstanding such restrictive settings being mandated, ▓▓▓▓ struggled and made minimal, if any, progress during the 2017-2018 and 2018-2019 school years.

5. ▓▓▓▓ attended kindergarten at ▓▓▓▓ for the 2019-2020 school year. Despite his failure to make progress in 6:1:3 and 10:1:3 classrooms during preschool, the DOE recommended placement in an 8:1:1 classroom with related services in OT (2x30, 1:1); PT (2x30, 1:1); SLT (3x30, 1:1); and PCAT (4 times per year). ▓▓▓▓ struggled in this setting as well and failed to make meaningful academic, communicative, social, or emotional progress.

6. The DOE conducted a psychoeducational evaluation of ▓▓▓▓ on January 8, 2020 (the "DOE Evaluation"). That evaluation, however, failed to assess ▓▓▓▓ in all areas of suspected disability. The evaluation, for instance, did not include any cognitive testing of ▓▓▓▓n. As such, Parent formally disagreed with the evaluation by letter dated March 23, 2020 and requested that the DOE fund an independent educational evaluation ("IEE") in the form of a comprehensive neuropsychological evaluation of ▓▓▓▓. The DOE failed to respond to Parents' IEE request as required by law, and thus Parent filed a due process complaint on April 14, 2020. The sole substantive relief sought in the aforementioned due process complaint was DOE-funding for an independent comprehensive neuropsychological evaluation to be conducted by Dr. Jennifer Oratio.

7. An impartial hearing concerning Parent's IEE claim was held in which the DOE failed to defend the DOE Evaluation or otherwise attempt to establish that it evaluated ▓▓▓▓ in all

2

areas of suspected disability.  In a Findings of Fact and Decision ("FOFD") dated October 6, 2020, IHO Helene Peyser found in Parent's favor and ordered that the DOE fund the comprehensive independent neuropsychological evaluation that Parent requested.

8. Pursuant to IHO Peyser's order, Dr. Jennifer Oratio conducted a comprehensive neuropsychological evaluation of ▆▆▆ in late 2020 and authored a report based on her evaluation in early 2021.  Dr. Oratio concluded, *inter alia*, that ▆▆▆'s cognitive skills fell in the extremely low range with particular weakness in verbal knowledge, reasoning and vocabulary acquisition, and visual spatial skills.  She also described ▆▆▆ as having significant graphomotor and motor planning difficulties.  Dr. Oratio described ▆▆▆'s language and communication delays as "pervasive."  His executive functioning delays fell within the extremely low range.  She similarly determined that ▆▆▆'s academic skills in reading, spelling, and math ranged from extremely low to very low.  Dr. Oratio diagnosed ▆▆▆ with Attention Deficit-Hyperactivity Disorder, Predominantly inattentive presentation; and Autism Spectrum Disorder, Level 3 with accompanying intellectual impairment and with accompanying language impairment.

9. In light of her findings, Dr. Oratio determined, *inter alia*, that the following supports are necessary for ▆▆▆:

   a. Placement in a small, highly structured classroom environment, housed within a small, specialized school environment that utilizes an Applied Behavior Analysis ("ABA") approach through the school day.  These services should be delivered on a full-time and 1:1 basis to ▆▆▆, and instructors should have a high level of training on the methodology (i.e., Board Certified Behavior Analyst ("BCBA"), or supervision by BCBA, as well as have strong experience working with students on the autism spectrum).  ▆▆▆ should be placed alongside appropriate peers who do not exhibit aggressive or severe acting-out behavior;

   b. Home-based ABA services, at a rate of at least 15 hours per week, along with at least 3 hours per week of BCBA supervision, including on weekends, to assist with addressing his behavioral, communication, sensory, and adaptive needs;

   c. Daily, intensive speech-language therapy sessions including a PROMPT approach;

   d. Occupational therapy and physical therapy sessions for a minimum three sessions per week;

   e. Parent counseling and training on at least a monthly basis;

   f. 12-month services; and

   g. Implementation of a behavior management system with positive reinforcements.

10. Parent provided Dr. Oratio's neuropsychological evaluation report to the DOE immediately upon receipt.

3

OATH SEHD - CASE #275820

11. ▇▇▇ was in the first grade at ▇▇▇ for the 2020-2021 school year. ▇▇▇ was placed in a 6:1:1 classroom with related services in SLT, OT, and PT. On or around January 21, 2021, the DOE contacted Parent to schedule an IEP meeting for ▇▇▇. On February 23, 2021, the DOE convened an IEP meeting for ▇▇▇. The February 23, 2021 IEP mandated placement in a 6:1:1 classroom in a District 75 school with related services in OT (2x30, 1:1); PT (2x30, 1:1); SLT (3x30, 1:1); and PCAT (once per month for 60 minutes) for the 12-month school year. The February 23, 2021 IEP also mandated transportation from the closest safe curb location to school.

12. ▇▇▇ remained at ▇▇▇ for his second grade year (the 2021-2022 school year). Despite the fact that Parent provided the DOE with a copy of Dr. Oratio's report on March 3, 2021, the DOE did not convene an IEP meeting (since the February 23, 2021 IEP and prior to the start of the 2021-2022 school year) to consider Dr. Oratio's findings and recommendations. Predictably, ▇▇▇ continued to struggle throughout the 2021-2022 school year and failed to make meaningful academic, communicative, social, or emotional progress.

13. On or about August 16, 2021, Parent filed a due process complaint that alleged, *inter alia*, that the DOE denied ▇▇▇ a free appropriate public education ("FAPE") for the 2017-2018, 2018-2019, 2019-2020, 2020-2021, and 2021-2022 school years. An impartial hearing was held concerning Parent's claims for the aforementioned school years and, on or about January 29, 2022, IHO Glasser issued an FOFD in which she ordered the DOE to, *inter alia*:

    a. Provide ▇▇▇ with a twelve-month, intensive behavior analytic, full-time program, which follows ABA principles, where ▇▇▇ will receive 1:1 instruction, with one hour of BCBA Supervision for every five hours that ▇▇▇ is in the classroom (a "Behavior Analytic Program");

    b. Until ▇▇▇ is placed in a Behavior Analytic Program, fund 30 hours per week of ABA Instruction on a push-in basis into ▇▇▇'s public school classroom with six hours per week of BCBA supervision (the "Push-in Program"); and

    c. Fund 15 hours per week of 1:1 ABA instruction at-home with three hours per week of BCBA supervision by appropriately qualified and licensed professionals at the market rate (the "At-Home Program").

14. Neither party appealed IHO Glasser's January 29, 2022 FOFD.

15. Defendant did not comply fully with the terms IHO Glasser's Order. Specifically, Defendant did not offer A.A. placement in a Behavior Analytic Program and did not immediately offer the Push-In Program or At-Home Program to ▇▇▇. Moreover, the DOE did not amend the related service mandates in ▇▇▇'s IEP as required by the FOFD until June 27, 2022.

4

16. On September 28, 2023, Parent filed a complaint in the United States District Court for the Southern District of New York concerning, *inter alia*, the DOE's failure to implement IHO Glasser's FOFD in a timely manner. Parent's complaint remains pending.

### The DOE Deprived ▓▓ of a FAPE for the 2022-2023 School Year

17. ▓▓ was in the third grade at ▓▓ for the 2022-2023 school year.

18. On June 27, 2022, the DOE convened an IEP meeting for ▓▓. The June 27, 2022 IEP mandated placement in a 6:1:1 classroom in a state-approved non-public school ("NPS") with related services in OT (3x30, 1:1); PT (3x30, 1:1); SLT (5x30, 1:1); and PCAT (once per month for 60 minutes) for the 12-month school year. The June 27, 2022 IEP also mandated transportation from the closest safe curb location to school as well as Dynamic display speech generating device.

19. Parent agreed with the related service mandates in the June 27, 2022 IEP as well as the IEP team's decision that ▓▓'s needs could not be met in a DOE public school. Parent, however, disagreed with the classroom placement mandated in the June 27, 2022 IEP insofar as it was inconsistent with IHO Glasser's well-reasoned and un-appealed order that ▓▓ be placed in an "intensive behavior analytic program in which ▓▓ will receive 1:1 instruction, with one hour of BCBA Supervision for every five hours that ▓▓ is in the classroom" and similarly insofar as it was inconsistent with the recommendations of Dr. Oratio that ▓▓ be placed in a full-time ABA program in which he receives 1:1 instruction throughout the day.

20. Moreover, following the creation of the June 27, 2022 IEP, the DOE failed to offer ▓▓ a seat at an appropriate NPS. Only one NPS, QSAC Day School in the Bronx ("QSAC"), even contacted Parent for an interview with ▓▓ (in late October 2022). Parent declined the interview with QSAC because placement at the school would involve an excessive commute time from ▓▓ home and because she was familiar with the program offered at QSAC and understood that it could not offer the type of "intensive behavior analytic program" that is mandated in IHO Glasser's FOFD. QSAC ultimately did not offer a placement to ▓▓.

21. As such, ▓▓ remained in his 6:1:1 classroom at ▓▓ for the entire 12-month 2022-2023 school year.

22. As mandated by IHO Glasser's FOFD, the DOE funded the Push-In Program for the 2022-2023 school year, and thus ▓▓ received essentially a full-time program of 1:1 ABA instruction with BCBA supervision for the entire 2022-2023 school year. For the 2022-2023 school year, however, the DOE did not fund the At-Home Program as ordered by IHO Glasser. As a result of the foregoing—and in order to ensure that ▓▓ received the at-home services that IHO Glasser found necessary for ▓▓ to make meaningful progress—Parent arranged for ▓▓ to receive at-home ABA services by using a portion of the compensatory hours awarded in IHO Glasser's FOFD. These compensatory services, however, were intended to make up for past FAPE deprivations; indeed, that is precisely

5



why IHO Glasser funded a separate bank of compensatory service hours *in addition to* At-Home Program. Thus, the DOE should have to replenish ▓▓▓ compensatory bank of at-home ABA services accordingly.[1]

23. As a result of the foregoing, the DOE deprived ▓▓▓ of a FAPE for the 2022-2023 school year.

**The DOE Deprived ▓▓▓ of a FAPE for the 2023-2024 School Year**

24. ▓▓▓ is in the fourth grade for the 2023-2024 school year, where he remains enrolled at ▓▓▓

25. The most recent IEP meeting held for ▓▓▓ prior to the start of the 2023-2024 school year was convened on June 13, 2023. At the June 13, 2023 IEP meeting, the DOE again recommended placement in a 6:1+1 classroom in a District 75 school for the 12-month school year with related services in OT (3x30, 1:1); PT (3x30, 1:1); SLT (5x30, 1:1); and PCAT (1x/month). The June 13, 2023 IEP also recommended transportation from the closest safe curb location.

26. The program recommended in the June 13, 2023 IEP is grossly incapable of meeting ▓▓▓'s social, emotional, and academic needs. The program set forth in the June 13, 2023 IEP suffers from numerous procedural and substantive defects, including, but not limited to, the following:

    a. The IEP is wholly at odds with the findings of IHO Glasser, Dr. Oratio, as well as the private ABA and BCBA professionals that work with ▓▓▓ daily. In particular, the June 13, 2023 IEP fails to recommend ABA methodology, which ▓▓▓ requires in order to make progress;

    b. The IEP does not offer ▓▓▓ enough 1:1 support. Through the Push-In Program, ▓▓▓ receives 1:1 instruction throughout the day, and the DOE had no evaluative information to suggest that ▓▓▓ could make progress in a less supportive environment;

    c. The IEP is substantially similar to previous IEPs which were determined to be inappropriate for ▓▓▓ and in which he failed to make progress;

    d. The June 13, 2023 IEP is not based on adequate evaluative information. The lone evaluative information referenced in the IEP itself is from January 2020 and thus does not offer an appropriate assessment of his present levels of performance;

---

[1] To be clear, Parent alleges that the At-Home Program was an essential component of FAPE for ▓▓▓ and the DOE's failure to fund such a program for the 2022-2023 school year constituted a denial of FAPE. Parent's claim is separate and apart from any claim for the failure to implement IHO Glasser's FOFD. Plaintiff does not assert any implementation claims here because such claims would be futile as an administrative hearing officer does not have enforcement powers under the IDEA.

    e. The June 13, 2023 IEP does not offer at-home ABA instruction with BCBA supervision, which was ordered by IHO Glasser and recommended by Dr. Oratio; and

    f. The program recommended in the June 13, 2023 IEP was predetermined. As set forth above, the program is substantially similar to prior IEPs created for ▇, and it was Parent's impression that the IEP team did not genuinely consider alternative placements for ▇.

27. ▇ continued to receive the Push-In Program pursuant to IHO Glasser's FOFD throughout the 2023-2024 school year. ▇ also received the At-Home Program pursuant to IHO's Glasser's FOFD throughout the 2023-2024 school year.

28. To Parent's knowledge, the last comprehensive evaluation of ▇ was Dr. Oratio's neuropsychological evaluation in 2020.[2] Relatedly, the DOE has failed in its duty re-evaluate ▇ thoroughly in all areas of suspected disability once every three years. As a result of the foregoing, substantive and equitable considerations warrant an order for the DOE to fund a neuropsychological evaluation of ▇ to be conducted by an independent evaluator of Parent's choosing at a rate not to exceed $8,500.

29. As a result of the foregoing, the DOE deprived ▇ of a FAPE for the 2023-2024 school year.

## Equities

30. Parent has been continually active in ▇'s education. Parent has attended all of ▇'s IEP meetings; obtained and immediately provided the DOE with an IEE; and arranged for ▇ to receive private ABA services both in school and outside of school due to the DOE's failure to offer such services.

31. Notwithstanding Parent's regular involvement in ▇ education throughout the years, the DOE has failed to offer an appropriate special education program and placement for ▇ for the SYs at Issue, failed in its responsibility to conduct a triennial reevaluation and, relatedly, failed to thoroughly assess ▇ in all areas of his suspected disability.

32. The equities favor Parent, as Parent cooperated with the DOE for ▇'s New York City educational career to date and in no way impeded the DOE from offering ▇ a FAPE for any school year, or from conducting appropriate evaluations to thoroughly assess ▇ in all areas of his suspected disability.

## Summary of Major Deprivations / DOE Failures

*Parent hereby incorporates the allegations in paragraphs 1–32 above as though fully set forth herein. The DOE failed to provide ▇ a FAPE for the SYs at Issue. Relatedly, the DOE failed*

---

[2] To the extent the DOE argues that it has evaluated ▇ thoroughly in all areas of his suspected disability within the past three years, Parent hereby disagrees with such evaluation and requests that the DOE fund an IEE in the form of a comprehensive neuropsychological evaluation at a rate not to exceed $8,500.

*in its general duty to thoroughly assess ▮ in all areas of his suspected disability. While the DOE's failures and omissions may each amount to a denial of a FAPE on their own, certainly the cumulative and combined effect of the DOE's multiple failures adds up to a FAPE deprivation for ▮ for the SYs at Issue.*

33. The IEPs created for the SYs at Issue are procedurally and substantively invalid; they are not reasonably calculated to confer educational benefit upon ▮, and were created without allowing Parent to meaningfully participate in their creation. Rather, the IEPs created for the SYs at Issue were predetermined in numerous ways including, but not limited to, the following:

    a. They do not fully, adequately, or appropriately reflect or address ▮ present levels of performance and educational needs;

    b. They were created through the application of illegal blanket policies and practices, including, but not limited to, policies concerning recommendations of methodologies;

    c. They were created based upon availability of resources rather than ▮ needs;

    d. They were created with an IEP program (i.e., "SESIS") that improperly restricts the inputting of appropriate and necessary supports that ▮ requires;

    e. They fail to contain enough appropriate, measurable goals and short-term objectives to adequately address ▮ needs, and by which to assess his progress throughout the relevant school years;

    f. They fail to consider adequately and did not rely upon sufficient and appropriate evaluative and documentary material to justify their recommendations, goals, or program—including Dr. Oratio's neuropsychological evaluation report; and recommended programs and services without sufficient or appropriate justification;

    g. They failed to mandate placement in an intensive behavior analytic program as mandated in IHO Glasser's FOFD;

    h. With respect to the June 13, 2023 IEP, the DOE failed to genuinely consider alternative educational settings for ▮, including referring ▮ case to the central based support team for placement in a state-approved, non-public school; and

    i. The IEP teams that created ▮ IEPs for the SYs at Issue were not appropriately composed and did not include all required members.

34. The DOE failed to implement the June 27, 2022 IEP including failing to offer ▮ placement in an appropriate NPS.

35. The DOE failed in its responsibility to conduct a triennial reevaluation of ▮ and, relatedly, failed to thoroughly assess ▮ in all areas of his suspected disabil

8

### Pendency

36. Pursuant to the *stay-put provision* of the IDEA, 20 U.S.C.S §1415(i), 34 C.F.R. §300.518(a), and NYS Commissioner of Education Regulations, 8 N.Y.C.R.R. §200.5(m), the student must retain his current program/services during the pendency of an administrative or judicial proceeding regarding any due process complaint in connection with an appropriate program or placement.

37. The IDEA presumes that the child's current educational placement is the last agreed-upon placement. The last agreed-upon placement includes an un-appealed findings of fact and decision by an impartial hearing officer. *See* 34 C.F.R. § 300.518(d); *Letter to Hampden*, 108 LRP 2225 (OSEP 2007); SRO Dec. No. 07-140.

38. In this particular case, the last agreed-upon placement is found in IHO Glasser's January 29, 2022 FOFD.

39. The DOE, therefore, should be required to (1) fund the At-Home Program for ▬▬ by an independent provider(s) of Parent's choosing at market rate; and (2) provide placement in a Behavior Analytic Program or, until such a Behavior Analytic Program is identified, the DOE should provide the Push-In Program (or, in the event that the DOE is unable to provide a qualified provider(s) for the Push-In Program within 10 days of the issuance of the pendency order in this matter, the DOE should be required to fund the Push-In Program by an independent provider(s) of Parent's choosing at market rate). The DOE should also be required to provide appropriate round-trip special transportation between ▬▬'s home and school.

**PROPOSED RESOLUTION:**

Parent respectfully requests that the Impartial Hearing Officer find that she is entitled to the following:

1. An interim order on pendency requiring the DOE—effective as of the date of filing of this complaint and continuing until this complaint is either withdrawn or a final decision is issued—to:

    a. Provide appropriate, round-trip, door-to-door transportation between ▬▬ home and school;

    b. Fund the At-Home Program by an independent provider(s) of Parent's choosing at market rate;

    c. Provide ▬▬ placement in a Behavior Analytic Program or, until such a Behavior Analytic Program is identified, provide a Push-In Program to ▬▬ current school by a qualified DOE provider(s) (or, if no such providers are identified and offered within 10 days of the issuance of the pendency order in

9

       this matter, fund the Push-In Program by an independent provider(s) of Parent's choosing at market rate);

2. Declaratory findings that:

    a. The June 27, 2022 and June 13, 2023 IEPs were inappropriate;

    b. Parent is the prevailing party;

    c. ▇▇▇ is entitled to 12-month services;

    d. ▇▇▇ is entitled to appropriate round-trip, door-to-door special transportation to and from school; and

    e. ▇▇▇ is entitled to the At-Home Program and placement in a Behavior Analytic Program or, if such a Behavior Analytic Program cannot be identified, the Push-In Program;

3. A final order requiring the DOE to:

    a. Fund compensatory services in the amount of 620 hours of ABA instruction and 126 hours of BCBA supervision to be provided by Breakthrough Foundations at rates of $300 per hour for the BCBA supervision and $250 per hour for ABA instruction or, if Breakthrough Foundations becomes unavailable, to be provided by an independent provider(s) of Parent's choosing at the provider(s) standard rate for the DOE's failure to provide ▇▇▇ with an At-Home ABA program during the 2022-2023 school year;

    b. Fund an independent neuropsychological evaluation to be conducted by a private provider of Parent's choosing at a rate not to exceed $8,500;

    c. Convene an IEP meeting and create an appropriate IEP for ▇▇▇ within 30 days of when the DOE receives the report associated with the evaluation ordered in paragraph 3(b), *supra*; and

4. Any additional relief such as the IHO determines is appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii), § 1439(a)(1).[3]

Please note that Parent respectfully reserves the right to amend and/or modify this request.

Parent wishes to be promptly provided with a transcript of all proceedings in this matter including, but not limited to, pre-hearing conferences, status conferences, and substantive hearings. Parent does not—and will not—waive her right to a transcript of any proceeding that is held in this matter.

---

[3] Parent maintains their right to seek costs and fees in federal court pursuant to 20 U.S.C. § 1415(i)(3)(B)(C).

OATH SEHD - CASE #275820

*Please direct all questions and evidence packages to this office via email (office@edlawny.com) or facsimile (347-214-2233). Should you decide to send any snail mail to our office (11 Broadway, Suite 568, New York, NY 10004), please send us an email or facsimile to advise us of what is being sent and when it is being sent.*

Thank you in advance for your prompt attention to this matter.

                                                                       Respectfully,

                                                                       Justin B. Shane, Esq.

cc:        Ms. Tameera Akhter

OATH SEHD - CASE #275820

**Johnson Whittany**

---

| | |
|---|---|
| **From:** | Pearl Marasigan <pmarasigan@edlawny.com> |
| **Sent:** | Wednesday, June 26, 2024 9:46 AM |
| **To:** | Impartial Hearing Office |
| **Cc:** | Office; tameera.1985@gmail.com |
| **Subject:** | Impartial Hearing Request: Azaan Akhter (DOB 05/07/2014, NYC ID 243-594-876) |
| **Attachments:** | 24.06.26 - DPC - Azaan A. - Final.pdf |

Hello,

Attached please find a due process complaint regarding the student referenced above. All questions, responses, exhibits, and scheduling related to this complaint should be directed to our office at office@edlawny.com.

Thank you,
Pearl

--
**J. Pearl Marasigan, M.A.Ed.**
*Office Manager*
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568

New York, NY 10004

Fax: (347) 214-2233
www.edlawny.com
Subscribe to our newsletter
-----------------------------------

This e-mail transmission and any attachments are intended only for the party to whom it is addressed and may contain privileged or confidential information. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this e-mail is prohibited. If you have received this e-mail in error, please contact the sender immediately by return e-mail or by telephone (347-395-4656) and delete all copies of the material. Thank you.