

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2024
```

August 8, 2024

VIA ECF
Hon. Mary Kay Vyskocil
United States Courthouse
500 Pearl Street, New York, NY 10007

Re:   *T.G., et al. v. New York City Department of Educ.*, 23-Civ.-08569 MKV

Dear Judge Vyskocil,

Our office represents Plaintiff T.G., appearing individually and on behalf of her minor child with a disability, A.A., in the above-referenced action. We write to respectfully request that the Court grant Plaintiff leave to file a sur-reply in response to Defendant's Reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss the Complaint (Dkt. 27) ("Defendant's Reply") filed on August 2, 2024. Plaintiff believes that a sur-reply is necessary to address (1) an argument raised for the first time in Defendant's Reply; and (2) certain misrepresentations set forth in Defendant's Reply.

The new argument Plaintiff intends to address can be found on page 6 of Defendant's Reply, where Defendant argues that A.A.'s purported use of "only 809.25" of the compensatory Applied Behavior Analysis ("ABA") hours awarded in the Findings of Fact and Decision ("FOFD") at issue in this matter somehow establishes that Plaintiff is seeking "monetary damages" through this action. This argument was not asserted in Defendant's opening brief. The argument also wholly misrepresents the relief sought by Plaintiff, as Plaintiff is merely seeking a bank of compensatory services to be paid as they are used by A.A. and not a cash award as suggested by Defendant. Plaintiff believes that a sur-reply is necessary to add context to these new factual assertions made by Defendant and, more generally, to rebut this new argument.

The additional specific misrepresentations Plaintiff intends to address are on page two of Defendant's Reply in which Defendant asserts that "Plaintiff has informed the Court that the payment was provided on September 28, 2023, six days before the Defendant was served with the Complaint filed in this action" and on page 9 of Defendant's Reply in which Defendant asserts "By Plaintiff's own admission, the $101,700 outstanding payments to A.A.'s service provider Breakthrough Foundations was made on September 28, 2023, six days before the Defendant was served on October 4, 2023 with the Complaint filed in this action." Plaintiff believes that a sur-reply is necessary in order to explain that (1) Plaintiff never "informed the Court" or made an "admission" that "the $101,700 outstanding payments to A.A.'s service provider Breakthrough Foundations was made on September 28, 2023"; and (2) Defendant blatantly misrepresented certain statements made in Ms. Hanna Chang's affidavit (Dkt. 26.3).

Plaintiff contacted Defendant's counsel on August 7, 2024 at approximately 4:30 pm to ascertain whether Defendant would consent to Plaintiff's filing a sur-reply and requested that it

respond by 4:30 pm.  As of the filing of this letter, Defendant has not responded to Plaintiff's inquiry.

Thank you for Your Honor's consideration of this request.

>*/s/ Steven J. Alizio*
>Steven J. Alizio, Esq.
>Justin B. Shane, Esq.
>The Law Office of Steven Alizio, PLLC
>Counsel for Plaintiff

cc:  **BY ECF**
     Counsel of record

---

**Plaintiff's unopposed request for leave to file a sur-reply is GRANTED.  Plaintiff's sur-reply shall be limited to five pages and filed no later than August 22, 2024.  SO ORDERED.**

Date: 8/15/2024
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge