USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T.G., *individually and on behalf of their minor child,* A.A.,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

1:23-cv-8569-MKV

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

MARY KAY VYSKOCIL, United States District Judge:

This case arises from the failure of Defendant New York City Department of Education ("DOE" or "Defendant") to timely and fully implement the Findings of Fact and Decision ("FOFD") issued by an Impartial Hearing Officer ("IHO") on January 29, 2022 pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. Plaintiff T.G., brings this action pursuant to 42 U.S.C. § 1983, or alternatively the IDEA individually and on behalf of her minor disabled child A.A., seeking: (1) compensatory services given DOE's failure to timely comply with certain aspects of the FOFD; and (2) an award of attorneys' fees and costs for this action and the underlying administrative action pursuant to 20 U.S.C. § 1415(i)(3). [ECF No. 1 ("Compl.")].

Defendant thereafter moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [ECF No. 20]. In support, Defendant has filed a memorandum of law ("Mem."), [ECF No. 21], and numerous exhibits, [ECF Nos. 20-1-10], including the underlying FOFD, [ECF No. 20-2], a Declaration of Jay St. George, Esq. ("George Decl."), [ECF No. 20-1], and a Declaration of Theresa Crotty, Esq. ("Crotty Decl."). [ECF No. 20-8]. Plaintiff filed an opposition ("Opp'n") along with several exhibits. [ECF No. 26]. Defendant filed a reply

memorandum of law ("Reply"), [ECF No. 27], together with a supplemental Declaration of Jay St. George, Esq. ("Supp. George Decl."), [ECF No. 28], and a supplemental Declaration of Theresa Crotty, Esq. ("Supp. Crotty Decl."). [ECF No. 29]. With leave of Court, Plaintiff filed a sur-reply ("Sur-Reply"). [ECF No. 32].

In short, Defendant seeks to dismiss Plaintiff's claims for relief for DOE's failure to timely and fully implement the FOFD, and the related claim for costs and fees for prevailing on that claim, for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and failure to state a claim. Defendant does not seek to dismiss Plaintiff's claim for costs and fees for prevailing in the underlying administrative proceedings. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND[1]

### *A. Legal Framework*

The IDEA is designed "to ensure that all children with disabilities have available to them a free appropriate public education [('FAPE')] that emphasizes special education and related services designed to meet their unique needs." *See* 20 U.S.C. § 1400(d)(1)(A); *see also* 20 U.S.C. § 1412(a)(1)(A). To provide each student with a disability a FAPE, a school district must develop, review, and revise an "individualized education program" ("IEP") for each eligible child. *See* 20 U.S.C. § 1412(a)(4); *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir.

[1] The following facts are taken from the Complaint and documents submitted by the parties in connection with Defendant's motion. On the pending motion, the Court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)); *accord Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020); *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017). However, where as here, Defendant challenges the Court's subject matter jurisdiction, the Court may also consider evidence outside of the pleadings, including affidavits. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015); *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("[T]he court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits.") (citation modified).

2020).

The IDEA provides a variety of "procedural safeguards with respect to the provision of" a FAPE by school districts. 20 U.S.C. § 1415(a). In compliance with these requirements, New York and federal law establish a two-tier system of administrative review. *See Ventura de Paulino*, 959 F.3d at 526. The first tier entitles a parent dissatisfied with a proposed IEP to file a due process complaint challenging the IEP and having it reviewed by an impartial hearing officer ("IHO"). N.Y. Educ. Law § 4404(1); *see also* 20 U.S.C. § 1415(f). Any party aggrieved by an IHO decision may then proceed to the second tier and appeal to a state review officer ("SRO"). *Ventura de Paulino*, 959 F.3d at 526. Generally, either party "aggrieved" by the findings of an SRO "shall have the right to bring a civil action" under the IDEA in federal court. *See* 20 U.S.C. § 1415(i)(2)(A); *see also Ventura de Paulino*, 959 F.3d at 526. A non-aggrieved party may nonetheless bring suit under 42 U.S.C. § 1983 to enforce a favorable finding by an IHO or SRO as well. *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005) (an IHO's decision on the merits is "enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983"); *B.A. v. New York City Dep't of Educ.*, No. 24-cv-7676 (RA), 2026 WL 473230, at *4 (S.D.N.Y. Feb. 19, 2026).

***B. Factual Background***

On August 16, 2021, Plaintiff filed a due process complaint under the IDEA alleging that Defendant had denied A.A. a FAPE for the 2017-2018, 2018-2019, 2019-2020, 2020-2021, and 2021-2022 school years. Compl. ¶ 9. On January 29, 2022, the IHO issued an FOFD resolving Plaintiff's due process complaint in her favor. *See* [ECF No. 20-2]; *see also* Compl. ¶ 11. In the FOFD, the IHO determined that the DOE had failed to provide A.A. a FAPE for all five of the at-issue school years and ordered a host of compensatory and prospective services in connection with that denial. *See* generally FOFD. Relevant here, the IHO ordered, *inter alia*, that the DOE must:

(1) Provide a "twelve-month intensive behavior analytic, full time program, which follows ABA ["Applied Behavior Analysis"] principals" but that "until such time as" A.A. is placed in the 12-month program, DOE must provide "thirty (30) hours per week of 1:1 ABA Instruction to the Student on a push-in basis, into the Student's classroom along with six (6) hours of BCBA ["Board Certified Behavior Analyst"] Supervision" (the "Push-in Program");

(2) Fund fifteen (15) hours per week of 1:1 ABA instruction at home with three (3) hours of BCBA supervision of the 1:1 ABA instruction (the "At-Home Program"); and

(3) Revise A.A.'s IEP to mandate five (5) thirty (30) minute sessions of speech language therapy per week, three (3) thirty (30) minute sessions of mandated occupational therapy services per week, and three (3) thirty (30) minute sessions of mandated physical therapy services per week ("Related Service Program").

FOFD at 40-41; *see also* Compl. ¶ 11.[2] The IHO also ordered that DOE fund a host of compensatory services to be provided by a qualified professional of the parent's choosing, including 2,745 hours of ABA instruction and 549 hours of BCBA supervision, 61 hours of speech language therapy, 61 thirty minute sessions of occupational therapy, and 61 thirty minute sessions of physical therapy, to compensate for the years-long denial of a FAPE. FOFD at 42. The IHO further directed DOE to conduct an audit to ascertain "what if any speech language, occupational therapy, and physical therapy services the Student did not receive from the 2017/2018 school year to date" and to add those services to the compensatory services specifically enumerated in the FOFD. FOFD at 42. However, the IHO directed that, if DOE does not conduct an audit within

[2] In its briefing, Defendant asserts, without citation, that the IHO required DOE to implement the FOFD by February 28, 2022. Mem. at 7. Presumably, Defendant is relying on the fact that the IHO held that "[t]he compliance date for this matter has been extended to February 28, 2022." FOFD at 3. The FOFD, in turn, cites a December 13, 2021 "Order of Extension" as the basis for the extension. FOFD at 3, 44. Plaintiff does not specifically address this beyond stating generally that Defendant had to implement the FOFD once it was issued on January 29, 2022. Opp'n at 12. The parties fail to elaborate on this issue in any depth, but as far as the Court understands, the "compliance date" that was extended before the issuance of the FOFD appears to refer to the date by which the IHO had to statutorily reach its own decision, not the date by which DOE must implement the FOFD. *See* 8 NYCRR 200.5(j)(5) (providing grounds for an IHO to extend the statutory deadline by which it must render a decision on a parent's due process complaint); *see also* 34 C.F.R. § 300.515(a)-(c) (federal regulations reflecting the same). Ultimately this issue is not dispositive. As discussed below, Defendant failed to implement aspects of the FOFD well beyond either proposed compliance deadline.

thirty (30) days, DOE shall simply provide a specified amount of additional services on top of the specifically ordered compensatory services. FOFD at 42-43. Defendant appears to have opted to provide the latter rather than conduct an audit and attests that it stands ready to provide those services. *See* Crotty Decl., ¶¶ 26-28.

Neither Plaintiff nor Defendant appealed the FOFD, thus establishing the FOFD as Plaintiff's "then-current educational placement." 20 U.S.C. § 1415(j). Plaintiff alleges in this action that Defendant has failed to timely and fully implement certain aspects of the FOFD. Specifically, Plaintiff alleges that Defendant failed to:

(1) provide a twelve-month behavior analytic program for A.A.;

(2) provide/fund the "Push-in Program" services until June 8, 2022;

(3) provide/fund the "At-Home Program" services until May 23, 2022; and

(4) amend A.A.'s IEP to include the Related Service Program—*i.e.*, additional speech language, occupation, and physical therapy sessions each week—until June 27, 2022.

Compl. ¶ 13.[3]

The At-Home Program and Push-In Program services, which should have been provided commencing either on January 29 or February 28, 2022, *see supra* note 3, were ultimately provided by Breakthrough, a private service provider selected by Plaintiff that DOE agreed to fund, on May 23, 2022, and June 8, 2022, respectively. Compl. ¶ 13.[4]

Thereafter, starting on June 27, 2022, a new IEP was developed for A.A.'s educational placement for the 2022-2023 school year. George Decl. ¶¶ 6-16; *see also* [ECF No. 20-3 ("2022-

[3] Plaintiff makes clear that she does not seek enforcement with respect to Plaintiff's failure to place A.A. in a twelve-month behavior analytic program. Opp'n at 10.

[4] Defendant concedes that the At-Home Program services began on May 23, 2022, Crotty Decl. ¶¶ 13-14, but avers that, while the ABA services portion of the "Push-In Program" began on June 8, 2022, the BCBA services portion of the "Push-In Program" began on June 1, 2022. Crotty Decl. ¶¶ 5-11. Nonetheless, the provision of the BCBA services as part of the "Push-In Program" was still weeks after the date by which DOE was obligated to implement the FOFD, whether that date be January 29 or February 28, 2022. FOFD at 3.

2023 IEP Plan")]. As Defendant concedes, that IEP included the additional speech language, occupational, and physical therapy sessions that had been mandated by the FOFD. 2022-2023 IEP Plan; *see also* Opp'n at 8. A subsequent IEP plan was developed starting on June 13, 2023 for the 2023-2024 school year. George Decl., ¶¶ 17-22. Since the filing of Defendant's motion, however, Plaintiff has filed a due process complaint alleging A.A. was denied a FAPE for the 2022-2023 and 2023-2024 school years. Declaration of Justine Shane, Esq. ("Shane Decl.") ¶ 13. [ECF No. 26-1].

Plaintiff alleges that as of the filing of the Complaint, and despite DOE having agreed to fund Breakthrough to provide the Push-in Program and At-Home Program services and other compensatory ABA/BCBA services awarded pursuant to the FOFD, Defendant has failed to timely and consistently pay Breakthrough for all of those services and owes $101,700 in outstanding invoices. Compl. ¶ 13.

In a declaration submitted by DOE counsel Theresa Crotty, Crotty avers that since the filing of the Complaint Defendant has paid the $101,700 in services owed to Breakthrough. *See* Crotty Decl. ¶ 29. Plaintiff does not dispute this. *See* Opp'n at 7-8 (acknowledging DOE has paid $101,700 owed to Breakthrough). Nonetheless, in a declaration by Hanna Chang ("Chang Decl.") [ECF No. 26-3], co-founder of Breakthrough, that is attached to Plaintiff's opposition, Ms. Chang attests that as of July 8, 2024, DOE owed Breakthrough an additional $27,987.50 in overdue invoices for services provided pursuant to the FOFD in March and May 2024. Chang Decl. ¶ 21. In a supplemental declaration, DOE counsel Theresea Crotty states that those invoices have been paid in full "except where the invoiced amount exceeded the mandate of the FOFD." Supp. Crotty Decl. ¶¶ 8-9. Defendant takes the position that certain invoices totaling $7,500 exceed the mandate of the FOFD and has not paid them. Supp. Crotty Decl. ¶¶ 8-9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a 12(c) motion, courts apply the same standards as those used for a motion to dismiss pursuant to Rule 12(b)(6). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc.*, 647 F.3d at 422 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Where, as here, a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Carris v. First Student, Inc.*, 682 F. App'x 30, 33 & n.2 (2d Cir. 2017); *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-cv-7577 (KMK), 2024 WL 1199500, at *2 (S.D.N.Y. Mar. 20, 2024); *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015). Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (citation modified). The party asserting subject matter jurisdiction has the burden of showing that it exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In

considering a motion to dismiss under Rule 12(b)(1), the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of the [plaintiff]." *Cortlandt*, 790 F.3d at 417. But a court may also consider evidence outside of the pleadings in assessing a Rule 12(b)(1) motion. C*ortlandt*, 790 F.3d at 417; *Snell*, 712 F.3d at 671 ("[U]nder Rule 12(b)(1), [the court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings.") (citation omitted); *Zappia*, 215 F.3d at 253.

**DISCUSSION**

At bottom, Defendant seeks judgment in its favor dismissing the only two claims Plaintiff actually brings with respect to DOE's failure to implement the FOFD: (1) Plaintiff's claim, under 42 U.S.C. § 1983, or, alternatively, the IDEA, for compensatory services for Defendant's failure to timely implement the At-Home Program, Push-In Program, and Related Service Program for part of the 2021-2022 school year in violation of the FOFD ("Education Services Claim"); and (2) Plaintiff's claim that Defendant pay all outstanding invoices for Breakthrough for services rendered pursuant to the FOFD within thirty days ("Payment Implementation Claim"). *See generally* Mem.; Opp'n at 10-23. Defendant does not seek dismissal of Plaintiff's claim for fees and costs for prevailing at the administrative hearing below pursuant to 20 U.S.C. § 1415(i)(3).

**I. Subject Matter Jurisdiction Over Failure to Comply Claims Under The IDEA**

As discussed, Plaintiff seeks compensatory services given DOE's failure to timely comply with certain aspects of the FOFD pursuant to 42 U.S.C. § 1983, or alternatively the IDEA. Compl. ¶¶ 21-32.

While not directly addressed in the parties' briefing, this Court first addresses the fact that it has no jurisdiction pursuant to the IDEA to entertain Plaintiff's claims to the extent she seeks to enforce the *favorable* findings of the FOFD. The Court lacks subject matter jurisdiction over such claims under the IDEA because Plaintiff is not an aggrieved party as required by the IDEA to seek

relief in federal court. 20 U.S.C. § 1415(i)(2)(A); *see also B.A.*, 2026 WL 473230, at *4 ("A private cause of action is only available under the IDEA when a party is aggrieved by the findings and decision of an administrative hearing process.") (citation modified); *Zimmerman v. Banks*, No. 23-cv-9003 (JGK), 2024 WL 4882370, at *3 n.3 (S.D.N.Y. Nov. 25, 2024) (Plaintiff not aggrieved by administrative decision cannot bring a claim in federal court to enforce that favorable decision under the IDEA); *L.B. v. New York City Dep't of Educ.*, No. 21-cv-6626 (VEC), 2023 WL 1779550, at *6 (S.D.N.Y. Feb. 6, 2023) (court does not have subject matter jurisdiction over claim under the IDEA seeking to enforce favorable FOFD because plaintiff is not an "aggrieved" party). Since Plaintiff's claims concern Defendant's failure to comply with a favorable FOFD, the Court lacks subject matter jurisdiction to the extent she seeks relief for that failure under the IDEA. Accordingly, Plaintiff's claims under the IDEA for failure to fully or timely comply with the favorable FOFD is dismissed for lack of jurisdiction.[5]

Nonetheless, the Court does have subject matter jurisdiction over Plaintiff's well-plead claims under Section 1983 for failure to comply with the FOFD. *See* Compl. ¶¶ 21-27; *see also, e.g.*, *A.R. ex rel. R.V.*, 407 F.3d at 76 (an IHO's decision on the merits is "enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983"); *B.A.*, 2026 WL 473230, at *4; *L.B.*, 2023 WL 1779550, at *6; *M.H. v. New York City Dep't of Educ.*, No. 20-cv-1923 (LJL), 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) ("The Court has 'subject matter jurisdiction [pursuant to 42 U.S.C. § 1983] to enforce favorable administrative decisions rendered under the provisions of the IDEA.'") (citation omitted); *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-cv-9778 (KMK), 2019 WL 1437823, at *25 (S.D.N.Y. Mar. 29, 2019).

[5] This moots Defendant's argument concerning the Court's inability to award compensatory services under the IDEA in equity given Plaintiff cannot bring her claims under the IDEA.

Accordingly, while Plaintiff's compliance-related claims must be dismissed to the extent she seeks relief under the IDEA, the Court nonetheless has subject matter jurisdiction over these claims under Section 1983.

**II. Mootness**

Defendant principally argues that Plaintiff's Payment Implementation Claim and Education Services Claim must be dismissed as moot. Mem. at 9-16. The Court addresses each claim in turn.

Under Article III of the Constitution, a district court has jurisdiction to adjudicate only live cases or controversies. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). This case or controversy requirement must exist through all stages of the litigation. *Id.* at 90-91; *see also Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025) ("To sustain jurisdiction, a dispute must not only be alive when filed, but throughout its pendency."). Accordingly, a case is moot, and a court lacks subject matter jurisdiction, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Already, LLC*, 568 U.S. at 91 (citation modified), thereby making it "impossible for a court to grant any effectual relief whatever to the prevailing party." *McDonald*, 128 F.4th at 385 (quoting *American Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016)). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 223 (2d Cir. 2025) (citation modified).

***A. Payment Implementation Claim***

Defendant argues that Plaintiff's Payment Implementation Claim is moot because it has paid the entirety of the outstanding $101,700 in invoices to Breakthrough—the precise relief Plaintiff seeks. Mem. at 15; Crotty Decl. ¶ 29. Plaintiff, invoking the voluntary cessation doctrine,

argues that the claim is not moot because Breakthrough continues to provide services pursuant to the FOFD and has submitted new invoices totaling $27,987.50 for services provided in March and May 2024 that remained unpaid as of July 8, 2024. Opp'n at 11-12; Chang Decl. ¶ 21. In its Reply, Defendant ignores Plaintiff's voluntary cessation argument and merely reiterates its argument that the claim is moot and avers that it has paid the March and May 2024 invoices except where the request has exceeded the mandate of the FOFD. Reply at 9-10; Supp. Crotty Decl. ¶¶ 8-9. In her Sur-Reply, Plaintiff does not address her Payment Implementation Claim further or the effect of Defendant's payment on the continuing viability of her claim. *See generally* Sur-Reply.

A party's voluntary cessation of challenged conduct does necessarily deprive a court of jurisdiction to determine the legality of the challenged conduct. *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). "The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (quoting *Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002). The threshold inquiry when a party asserts that a claim is moot is assessing "whether the challenged conduct has, in fact, ceased." *American Freedom*, 815 F.3d at 109. Further, a defendant who seeks to moot a case by voluntarily ceasing the challenged conduct "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC*, 568 U.S. at 91 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Based on the record before the Court, Plaintiff's Payment Implementation Claim is not moot. As an initial matter, Defendant has not paid the entirety of Breakthrough's March and May

2024 invoices as it explicitly avers that certain amounts requested ($7,500 in total) exceeded the FOFD and has not paid them. *See* Supp. Crotty Decl. ¶¶ 8-9. Thus, based on the record, there is a live controversy concerning nonpayment of at least some portion of Breakthrough's invoices and Defendant has not demonstrated that the challenged conduct has in fact ceased. *See American Freedom*, 815 F.3d at 109.

Moreover, even assuming the challenged conduct has ceased for the time being given Defendant's recent partial payment, Defendant has not met its "formidable burden" of showing that the challenged conduct could not reasonably be expected to recur. The record before the Court makes that abundantly clear. After Defendant failed to provide Plaintiff's child the services it was required to provide under the FOFD, Plaintiff had to independently hire Breakthrough and fight for Defendant to approve Breakthrough and begin funding the services to be provided consistent with the FOFD. After Defendant agreed to fund Breakthrough, Plaintiff nonetheless had to resort to bringing this lawsuit to ensure Defendant's timely payment of Breakthrough's invoices given it consistently failed to pay Breakthrough's invoices in a timely manner thus jeopardizing her child's ability to continue receiving services from Breakthrough. *See* Chang Decl. ¶ 17. Further, Plaintiff has demonstrated that even after Defendant paid the outstanding invoices *after* this case was initiated, Defendant has continued to dispute Breakthrough's invoices. *See* Chang Decl. ¶ 21. In short, Defendant's belated and partial payments of these invoices throughout this litigation is insufficient to meet its "formidable burden" to show that its payment delays cannot be reasonably expected to recur. *Already, LLC*, 568 U.S. at 91.

The Court is of course sensitive to the fact that Defendant faces "the practical realities of bureaucratic administration," and receives "thousands of funding requests under the IDEA." *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023). But the record before the Court reflects that Defendant has repeatedly dragged its heels and forced Plaintiff to expend considerable time and

resources in order to secure her child's basic right to a FAPE. After expending considerable effort litigating Defendant's years-long failure to provide her child a FAPE in the first instance, which culminated in the favorable FOFD, Defendant's delay and inaction in providing the mandated services under the FOFD has forced Plaintiff to independently hire Breakthrough to provide the services that Defendant had, to that point, failed to provide. Plaintiff then had to resort to further litigation to ensure Defendant actually paid Breakthrough and otherwise complied with its obligations under the FOFD. Indeed, for this precise reason, it also cannot be said that Defendant's interim partial payments of Breakthrough's invoices have "completely and irrevocably eradicated" the effects of Defendant's challenged conduct. *Mhany*, 819 F.3d at 603 (citation omitted).

Accordingly, on the record before the Court, Plaintiff's Payment Implementation Claim is not moot. By its own admission, Defendant has not paid all outstanding invoices, and the record demonstrates that the effect of its challenged conduct has not been fully eradicated. Further, Defendant has failed to meet its formidable burden to demonstrate that the challenge conduct cannot reasonably be expected to recur. Defendant's motion to dismiss this claim as moot is denied.

***B. Education Services Claim***

Defendant argues that the Education Services Claim is also moot, despite the fact that it concedes that the at issue services—the At-Home Program, Push-In Program, and Related Service Program—were provided months late in violation of the FOFD. Defendant insists the claims are moot because it has since provided or funded the provision of those services. Mem. at 9-16. Defendant's argument fails and Plaintiff's Education Services Claim is not moot.

Plaintiff seeks relief, pursuant to 42 U.S.C. § 1983, in the form of compensatory services to make up for the services Plaintiff was entitled to receive under the FOFD for the 201-2022 school year but never did because of Defendant's alleged delay in implementing the FOFD. *See*

Compl. ¶¶ 23-31. Thus, there is plainly a live controversy between the parties and interim events have not "rendered the relief sought" no longer needed. *Neurological Surgery*, 145 F.4th at 223; *see also B.A.*, 2026 WL 473230, at *3 (finding the court had subject matter jurisdiction under Section 1983 over claim asserting failure "to fully implement the favorable FOFD" and rejecting mootness challenge where defendant's reimbursement did not provide all relief sought); *c.f. F.O. v. New York City Dep't of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (finding case moot where the precise relief sought—the provision of a paraprofessional during the 2010-2011 school year—had been voluntarily provided by defendant during that school year). Accordingly, Defendant's belated compliance in offering education services it should have been providing during the 2021-2022 school year does not render moot Plaintiff's claim for compensatory services to make up for the non-provision of services ordered under the FOFD. Taken to the extreme, Defendant's position would give it *carte blanche* to routinely flout administrative decisions favorable to parents and provide mandated education services on an untimely basis to the detriment of a child, since, by its reasoning, it could moot any challenge in this Court by simply belatedly providing those services without making up for the prior failure. Such an approach would deprive a plaintiff of any redress for the months or even years of prior noncompliance and would frustrate the broad remedial purpose of the IDEA. *Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 415 (2d Cir. 2010) ("In enacting the IDEA, Congress did not intend to create a right without a remedy.").[6]

---

[6] Defendant also suggests that the claims are moot by virtue of subsequent "unappealed" IEP plans for the 2022-2023 and 2023-2024 school years, which thus established a new "current educational placement." 20 U.S.C. § 1415(j); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (noting that 20 U.S.C. § 1415(j) "reflects Congress's decision that all disabled children should keep their existing educational program until any dispute over their placement is resolved"). But this argument again simply overlooks the nature of Plaintiff's claim, which seeks relief for Plaintiff's failure to comply with the then-binding FOFD for the 2021-2022 school year. Defendant should have provided certain services during that period, but it did not. In any event, the record reflects that those later IEP plans are now subject to a due process complaint filed by Plaintiff alleging the denial of a FAPE for those school years.

In short, there is a live case or controversy regarding Defendant's failure to implement the At-Home Program, Push-In Program, and Related Service Program mandated by the FOFD for a substantial portion of the 2021-2022 school year. Accordingly, Defendant's motion for judgment dismissing the Education Services Claim as moot is denied.

**II. Exhaustion**

Defendant next argues that Defendant's Education Services Claim, which purportedly impermissibly seeks "*additional* compensatory services," must be dismissed because Plaintiff has failed to exhaust administrative remedies. Mem. at 17-22 (emphasis in original). Specifically, Defendant argues exhaustion of administrative remedies is necessary to determine whether A.A. "regressed" during the months when Defendant failed to implement the FOFD in the 2021-2022 school year. Mem. at 17-22.[7] This argument is without merit and improperly seeks to put a child entitled to DOE services to an unwarranted burden.

As an initial matter, Plaintiff does not seek *additional* compensatory services but rather seeks compensatory services given Defendant's failure to provide the services mandated by the FOFD for a substantial portion of the 2021-2022 school year. Compl. ¶¶ 25-26. In any event, Plaintiff's claim is not subject to exhaustion under the IDEA. While it is true that claims "brought under the IDEA typically face a statutory exhaustion requirement" *B.A.*, 2026 WL 473230, at *3, as discussed above, Plaintiff can only bring her Education Services Claim under Section 1983. Further, Plaintiff is not seeking a remedy for a denial of a FAPE for the 2021-2022 school year given that issue was conclusively resolved in her favor by the FOFD. Opp'n at 16, 19. Thus,

[7] Confusingly weaved throughout its argument, Defendant also argues that this Court "lacks subject matter jurisdiction in equity to award compensatory education [under the IDEA] here because Plaintiff's conduct demonstrates that A.A. does not require additional services." Mem. at 17-22. However, this argument is not properly before the Court in connection with Plaintiff's claims. As noted, Plaintiff cannot bring her Education Services Claim under the IDEA, but rather brings this claim solely under Section 1983.

Plaintiff's Section 1983 claim is not governed by the IDEA's administrative exhaustion requirement. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 168 (2017) ("[I]f, in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required."); *B.A.*, 2026 WL 473230, at *4 ("As Plaintiffs rely not upon the IDEA but instead Section 1983 [to enforce the FOFD] they are not bound by the IDEA's administrative exhaustion requirement.").

Accordingly, Defendant's motion for judgment on Plaintiff's Education Services Claim under Section 1983 for failure to exhaust administrative remedies is denied.

**III. Plaintiff States A Claim Under Section 1983**

Defendant separately seeks dismissal of Plaintiff's claim under Section 1983 arguing that Plaintiff failed to establish any denial of IDEA's "procedural safeguards or administrative remedies" and the claim is simply an impermissible attempt to bypass her inability to obtain monetary damages under the IDEA. Mem. at 22-23. But, as discussed above, Plaintiff has stated a plausible claim for relief under Section 1983 with respect to Defendant's failure to implement the favorable FOFD, a clear, and indeed largely undisputed, violation of the IDEA. *See, e.g.*, *A.R. ex rel. R.V.*, 407 F.3d at 76 (an IHO's decision on the merits is "enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983"); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987) (parents of disabled children allowed to bring a Section 1983 action based on alleged violations of the IDEA); *B.A.*, 2026 WL 473230, at *4; *see also C.Q. v. New York City Dep't of Educ.*, No. 21-CV-3 (JGK), 2024 WL 4979293, at *11 (S.D.N.Y. Dec. 3, 2024) (denying motion for judgment on the pleadings for plaintiff's Section 1983 claim because "plaintiffs have alleged that they received a favorable decision at the administrative level and that the DOE has failed to comply with the terms of that decision. Section 1983 provides a means of assuring compliance").

Accordingly, Defendant's motion for judgment on the pleadings with respect to Plaintiff's Section 1983 claim on this basis is denied.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings is DENIED. The Court dismisses Plaintiff's alternatively plead claim under the IDEA for failure to comply with the FOFD for lack of subject matter jurisdiction.

The Clerk of Court is respectfully requested to close the motion at ECF No. 20.

The parties are directed to appear on October 30, 2026 at 10:00 AM for a conference in this case in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. One week before the conference, the parties shall file a joint letter advising the Court as to the appropriate next steps.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 30, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**